IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRYAN S. McTIGUE,**

                        **Petitioner,**

        v.                                     CASE NO. 05-3266-SAC

**STATE OF KANSAS, et al.,**

                        **Respondents.**

**O R D E R**

This matter is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. The court has examined respondents' motion to dismiss (Doc. 24) and enters the following findings and order.

**Background**

In 1998, petitioner was convicted in the District Court of Neosho County, Kansas, of the following crimes:

> Case No. 96-CR-228-C: aggravated assault on a law enforcement officer, two counts of aggravated assault and unlawful discharge of a firearm;
> Case No. 96-CR-455-C: manufacture of methamphetamine, possession with intent to sell methamphetamine, possession of drug paraphernalia, failure to obtain a tax stamp, and possession of marijuana;
> Case No. 97-CR-125-C: manufacture of methamphetamine, possession of methamphetamine, possession of methamphetamine, possession of drug paraphernalia, possession of L.S.D., and possession of marijuana.

In June 1998, petitioner was sentenced to consecutive terms of 32 months in Case No. 96-CR-228-C, 113 months in Case No. 96-CR-455-C, and 204 months in 97-CR-125-C. Case No. 96-CR-455-C is at issue

in this action.

The Kansas Court of Appeals affirmed the convictions on direct appeal on February 4, 2000, and the Kansas Supreme Court denied review on May 3, 2000. Petitioner's conviction became final 90 days later, on August 1, 2000, upon the expiration of the time in which to file a petition for writ of certiorari in the United States Supreme Court.

Petitioner filed an application for post-conviction relief pursuant to K.S.A. 60-1507 on April 23, 2001, alleging ineffective assistance of counsel in all three cases. The application was denied by the state district court on December 9, 2002. The Kansas Court of Appeals affirmed the decision on July 2, 2004, and the Kansas Supreme Court denied review on September 14, 2004.

On August 6, 2004, petitioner filed a motion to correct illegal sentence in Case Nos. 96-CR-455-C and 97-CR-125-C. The district court denied the motions on January 19, 2005, and the time for appeal expired on February 18, 2005.

On June 16, 2005, petitioner filed the present petition for habeas corpus relief.

On January 23, 2006, the state district court entered a duplicate ruling denying th emotion to correct illegal sentence in Case Nos. 06-CR-455-C and 97-CR-125-C.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitations period for the filing of federal habeas corpus petitions. 28 U.S.C. 2244(d)(1). This

2

period generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. 2244(d)(1)(A).  Thus, petitioner's conviction was final for habeas corpus purposes on August 1, 2000, and the limitation period began to run.  See <u>Locke v. Saffle</u>, 237 F.3d 1269, 1273 (10th Cir. 2001)(a conviction becomes final for habeas corpus purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court expires).

The one-year limitations period is tolled for "[t]he time during which a properly filed application for State postconviction relief ... is pending."  28 U.S.C. 2244(d)(2) (2000).  Therefore, the limitation period ran for 265 days, until petitioner sought relief pursuant to K.S.A. 60-1507 on April 23, 2001.

The state district court issued an order on January 19, 2005, denying the motion to correct illegal sentence and apparently entered a duplicate order on January 23, 2006.  Respondents have attached copies of these motions and the docket sheet maintained by the state district court. (Doc. 24, Attachs. 2-4.) These documents reflect that petitioner's counsel signed the January 2005 order and that it was duly entered in the court's record.  Although there is no explanation for the entry of the second order, the court agrees that petitioner had notice of the denial of the motion in January 2005.[1]

---

[1]Petitioner did not respond to the motion to dismiss.

The limitation period was tolled until February 18, 2005, when the time to file an appeal from the denial of the motion for correction of illegal sentence expired. The limitation period expired one hundred days later, on May 29, 2005.

Because the present petition was filed on June 16, 2005, the matter was not filed within the limitation period. Although the limitation period is subject to equitable tolling in extraordinary circumstances, <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998), such tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1194 (2001). The present record does not show such circumstances, and the court concludes the present matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED respondents' motion to dismiss (Doc. 24) is granted.

Copies of this order shall be transmitted to the petitioner and to the respondents.

**IT IS SO ORDERED.**

DATED: This 11th day of January, 2007, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4